UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV-11 1153

---------------------------------------------------------------X

Keith Chang

                **Plaintiff**

-against-

Cavalry Portfolio Services, LLC

                **Defendant**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 10 2011
LONG ISLAND OFFICE

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**TRIAL BY JURY DEMANDED**

SEYBERT, J.
BOYLE, M.

---------------------------------------------------------------

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully allege and show to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendant debt collector because the Defendant has engaged in a campaign of harassment against the Plaintiff in an attempt to collect an alleged debt that Plaintiff does not owe. Defendant's actions include knowingly reporting false and derogatory credit information onto the Plaintiff's credit reports in order to force Plaintiff into paying a debt that Plaintiff does not owe.

2. This is an action for damages brought by two individual consumers for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); the New York General Business law Section 349 (GBL 349); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq..

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d),; 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for state law claims and the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Declaratory relief is available pursuant to 28 U.S.C. Section 2201, 2202 and New York State law. Injunctive relief is available pursuant to New York State law. Venue in this District is proper in that the Defendant transacts business here, and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

4. Plaintiff, Keith Chang, is a natural person residing in the State of New York. Plaintiff is a consumer as defined by the FDCPA.

5. Defendant Cavalry Portfolio Recovery, LLC (hereinafter "Cavalry") is a business engaged in collecting debts in this state.

6. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. The alleged debt of Plaintiff was incurred for personal, family, or household services in that it was alleged to have been incurred for a consumer credit card with the Bank of America.

9. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

10. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

11. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats paragraphs "1" through "12" as if fully restated herein.

13. The Defendant alleges that the Plaintiff owes a debt for a Bank of America credit card. The Plaintiff disputes that he is responsible in any way for the alleged debt. On information and belief, the Bank of America credit card defendant seeks to collect was owed by the Plaintiff's mother, and Plaintiff does not have any legal responsibility for such debt.

14. The Defendant alleges that it has the right to collect the debt from Plaintiff.

15. In or around September 2010, the Defendant began to telephone the Plaintiff's cellular phone without the Plaintiff's authorization. Defendant made such calls in an attempt to collect the alleged debt.

16. The Defendant additionally telephoned the Plaintiff at his place of employment and asked Plaintiff's co-workers to deliver a message to the Plaintiff. The messages that defendant asked Plaintiff's co-workers to deliver did not include the notices required by 15 USC 1692 e(11).

17. In or around September 2010, the Plaintiff communicated with the Defendant and informed the Defendant that he was not responsible for the alleged debt. The Plaintiff directly disputed the debt with the Defendant.

18. In or around September 2010, the Defendant falsely threatened the Plaintiff with legal action if the debt was not paid. The Defendant informed the Plaintiff that if Plaintiff did not pay the alleged debt, that the debt was going to be given to the Defendant's legal department, and that a court order was going to be issued against Plaintiff.

19. The alleged debt that defendant seeks to collect from the Plaintiff is past the applicable statute of limitation, and the Defendant could not legally sue the Plaintiff for the alleged debt.

20. After learning that the Plaintiff disputed the alleged debt, the Defendant repeatedly reported the debt to credit reporting agencies without even noting that the Plaintiff disputed the alleged debt.

21. On several occasions after September 2010, the Defendant reported to the credit reporting agency, Experian, that the Plaintiff owed the alleged debt. Defendant failed to notify Experian that the Plaintiff disputed the alleged debt.

22. The Plaintiff's Experian credit reports containing the erroneous credit information reported by Defendant, were viewed by third parties.

23. On several occasions after September 2010, the Defendant reported to the credit reporting agency, Equifax, that the Plaintiff owed the alleged debt. Defendant failed to notify Equifax that the Plaintiff disputed the alleged debt.

24. The Plaintiff's Equifax credit reports containing the erroneous credit information reported by Defendant, were viewed by third parties.

25. On several occasions after September 2010, the Defendant reported to the credit reporting agency, Trans Union, that the Plaintiff owed the alleged debt. Defendant failed to notify Trans Union that the Plaintiff disputed the alleged debt.

26. The Plaintiff's Trans Union credit reports containing the erroneous credit information reported by Defendant, were viewed by third parties.

27. Within the year immediately preceding this action, the Defendant repeatedly used an automatic telephone dialing system to telephone Plaintiff's cellular telephone without the Plaintiff's prior express consent.

28. The defendant did not provide the Plaintiff with the notices required by 15 USC 1692g.

## V. CAUSES OF ACTION UNDER THE FDCPA

29. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

30. The acts and omissions of the Defendant as described herein violate several provisions of the FDCPA including but not limited to the following:

   A. Defendant violated 15 U.S.C Section 1692e;

   B. Defendant violated 15 U.S.C Section 1692e (2);

   C. Defendant violated 15 U.S.C. Section 1692e(5);

   D. Defendant violated 15 U.S.C. Section 1692e(8);

E. Defendant violated 15 U.S.C. Section 1692e(10)

F. Defendant violated 15 U.S.C. Section 1692e(11)

G. Defendant violated 15 U.S.C. Section 1692f(1)

H. Defendant violated 15 U.S.C. Section 1692d and

I. Defendant violated 15 U.S.C. Section 1692g(a)

I. .Defendant violated 15 U.S.C. Section 1692g(b)

J. Defendant violated 15 U.S.C. Section 1692c(b).

## VI.  CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

31. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

32. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. Defendant's violations include, but are not limited to the following:

A. Defendants falsely represented that the Plaintiff owed the alleged debt;

B. Defendants knowingly reported false credit information about the Plaintiff to Experian, including the failure to report that Plaintiff disputed the alleged debt;

C. Defendants knowingly reported false credit information about the Plaintiff to Trans Union, including the failure to report that Plaintiff dispute the alleged debt; and

D. Defendants knowingly reported false credit information about the Plaintiff to Equifax, including the failure to report that Plaintiff disputed the alleged debt.

33. Plaintiff has suffered damages based upon the Defendant's deceptive practices in that amongst other damage, the Plaintiff has suffered a decrease in his credit worthiness caused by the Defendant's illegal practices.

34. On information and belief, it is the policy of the defendant not to inform the credit reporting agencies when a consumer disputes an alleged debt. Defendant's actions have a broad impact on New York consumers at large in that the Defendant's failure to report that a consumer disputes a debt is false and deceptive.

35. Plaintiff requests that Defendant be enjoined from reporting derogatory credit about the Plaintiff related to the alleged debt without also reporting that the Plaintiff disputes the alleged debt.

## VII. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

37. Within the year preceding the filing of this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

38. The Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

39. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

40. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendant, for the following:

1. Declaratory judgment that the Plaintiff does not owe the alleged debt;

2. Injunctive relief prohibiting the Defendant from reporting the alleged debt onto the credit report of Plaintiff without noting that the Plaintiff disputes the alleged debt.

3. Actual damages;

4. Statutory damages;

5. Costs and reasonable attorney's fees;

6. Treble damages; and

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)

**DEMAND FOR JURY TRIAL**

Please take notice that plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff