The Law Office of Joseph Mauro, LLC     **(631) 669-0921**
306 McCall Ave.     **(631) 669-5071 fax**
West Islip, NY   11795

November 15, 2011

Magistrate E. Thomas Boyle
Alphonse M. D'Amato Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722

**RE: Chang v. Cavalry Portfolio Services, LLC**
    **United States District Court (Eastern District of New York)  CV -11-1153**

Honorable Judge Boyle,

    I represent the Plaintiff in the above matter.  Please accept this letter as a motion to compel the Defendant to provide certain documentation.

    The Plaintiff's complaint alleges that the Defendant debt collector violated the Fair Debt Collection Practices Act (15 USC 1692 et seq) and the Telephone Consumer Protection Act 47 U.S.C. Section 227 et seq while attempting to collect an alleged debt from Plaintiff.

    **Automatic Telephone Dialing System**

    The TCPA prohibits calls to consumer's cell phones by use of an "automatic telephone dialing system."  Plaintiff alleges that the Defendant used an "automatic telephone dialing system" when calling the Plaintiff. The Defendant denies that the machines that they used to telephone the Plaintiff qualify as an "automatic telephone dialing system."  The "capacity" of the machines used to make the phone calls is relevant to determining whether the machines qualify as "automatic telephone dialing systems."  *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 950-51 (9th Cir. 2009).  Plaintiff has requested to see the manuals for the telephone systems that Defendant uses. Defense counsel has informed me that they do in fact have such manuals, but do not intend to disclose such.  The Defendant has interposed boilerplate objections; none of which are applicable to the Request. The information goes to the heart of the defendant's stated defense, and should be disclosed. The specific Request and Response is as follows:

**Request: # 12**. **All documents relating to the installation, programming, and operation of the automatic telephone dialing device utilized you. (including but not limited to operational manuals/instructions on use).**

**Response: Defendant objects to this request on the grounds that it is overbroad, not limited as to time or subject matter, and to that extent, irrelevant to the claims and defenses in this action, unduly burdensome, and intended to annoy, harass, and oppress.**

### Training/Compliance material regarding the TCPA

The Plaintiff has also requested that the defendant provide written evidence of their training/compliance materials regarding the TCPA. The Plaintiff seeks to learn what the Defendant's policies are prior to the Rule 30b(6) deposition. The TCPA provides for mandatory damages of $500.00 per phone call made by Defendant to Plaintiff with an additional $1,000.00 per phone call if the Defendant's actions were willful. The Defendant's. knowledge of the TCPA, and their compliance problems is directly relevant to the damage assessment. See *Donnelly v. NCO Fin. Sys., 263 F.R.D. 500, 505 (N.D. Ill. 2009)*:

> Plaintiff argues that evidence of prior lawsuits is relevant to assessing whether NCO acted willfully in violating the TCPA in this case. Plaintiff suspects that "NCO has been sued, and has settled, multiple times for TCPA violations," which put the company "on notice that others view its actions as violations." (Pl. Reply Part I, at 2-3.) NCO responds that allegations of wrongdoing do not necessarily reflect actual violations of the Act. True, but if NCO has been charged with violations on numerous prior occasions, [**12] that is certainly relevant to its knowledge of the TCPA and the actions it did or did not take to ensure compliance with the statute.

Additionally, the Defendant's written policies are necessary to determine whether the Defendant's policies themselves may still be illegal. The requested materials are clearly discoverable and necessary for the prosecution of a TCPA matter.

The Defendant has not provided any of this information and has again interposed boilerplate objections. Notwithstanding any of the language contained in the Defendant's responses, the Defendant has not provided <u>any</u> documents related to TCPA compliance or training. The specific requests and objections are as follow:

**Request #5. All material, and documents pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act; the Telephone Consumer Protection Act; and debt collection laws.**
**Response: Defendant objects to this request on the grounds that it is overbroad, and to that extent, irrelevant to the claims and defense in this action. Without waiving these objections, see documents attached.**

**Request # 6. All documents and materials, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding handling disputed customer accounts.**
**Response: Defendant objects to this request on the grounds that it is overbroad, and to that extent, irrelevant to the claims and defense in this action. Without waiving these objections, see documents attached.**

**Request #10. All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Debt Collections Practices Act, and the Telephone Consumer Protection Act.**

**Response: Defendant objects to this request on the grounds that it is overbroad, and to that extent, irrelevant to the claims and defense in this action. Without waiving these objections, see documents attached.**

**Request #51. All documents from any litigation in which Cavalry was a Defendant in which the Plaintiff (or counter claimant) in that litigation alleged violations of the TCPA.**
**Response: Defendant objects to this request on the grounds that it is unduly burdensome, duplicative, overbroad, irrelevant to the claims and defenses in this action, and intended to annoy, harass, or oppress. Defendant further objects to the extent this request calls for privileged documents.**

I can confirm that I made good faith efforts to try to resolve this dispute prior to making this motion. I have written defense counsel outlining these issues and have spoken to defense counsel about these issues. The parties have not been able to resolve the issue.

Plaintiff respectfully requests that the Defendant be compelled to disclose this material so that the matter can progress.


Sincerely,


Joseph Mauro
Attorney for Plaintiff