UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEITH CHANG,

                           Plaintiff(s),           **ORDER**
                                                                     CV 11-1153  (JS) (GRB)

    -against-

CAVALRY PORTFOLIO SERVICES, LLC,

                           Defendant(s).
----------------------------------------------------------X
**BROWN, Magistrate Judge:**

      Before the court is plaintiff's letter motion to compel dated November 15, 2011.  *See* Docket Entry [13].  Defendant has not opposed the motion.  The motion is granted, both as unopposed and on the merits.

      The complaint alleges that defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA") during its attempts to collect an alleged debt from plaintiff.  Plaintiff now seeks an order compelling defendant to respond to five specific document demands.  Defendant asserted general objections that the demands were overbroad, irrelevant, and/or unduly burdensome.  Plaintiff's counsel has certified his good faith efforts to resolve the dispute prior to making this motion.

      The five discovery demands in dispute concern various documents such as those relating to the automatic telephone dialing system used by defendant and materials regarding training of defendant's employees.  Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of relevant information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b)(1).  Thus, the Court must determine whether the documents sought meet the Rule 26 standard.

      Plaintiff's Request 12 seeks documents related to the installation, programming, and operation of defendant's "automatic telephone dialing device."  In light of plaintiff's allegations regarding violations of the TCPA, it is hard to imagine how the materials sought could *not* be reasonably calculated to lead to the discovery of admissible evidence.  Nor has defendant, by failing to oppose the motion, provided any rationale.  The request does not contain any time limitation, and as plaintiff has not attached the full demands, it is unknown whether the demands generally provided any temporal scope.  Defendant shall comply with this request as to the telephone system in use at the time of violations alleged by plaintiff.

      Plaintiff also seeks an order compelling responses to Requests 5, 6, and 10.  These demands seek documents and materials relating to defendant's training of its employees regarding the FDCPA and TCPA.  As plaintiff may be entitled to increased damages upon a

showing of willfulness, defendant's training policies or lack thereof are also calculated to lead to the discovery of admissible evidence. Again, as no time frame for the request has been provided, the Court directs that defendant's responses be limited to January 2005 to present -- a period of approximately five years prior to the events complained of by plaintiff.

Finally, Request 51 seeks documents "from any litigation in which Cavalry was a Defendant in which the Plaintiff" alleged violations of the TCPA. In addition to the boilerplate objections regarding overbreadth and burdensomeness, defendant included an objection "to the extent this request calls for privileged documents." As the existence of prior litigation goes to the issue of willfulness, such information is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not, however, established the need for production of "all documents" stemming from any such litigation.[1] Accordingly, defendant is directed to provide plaintiff with a list of any cases brought against it from January 2005 forward in which violations of the FDCPA and/or TCPA were alleged.

Plaintiff's motion is granted to the extent indicated above. Defendant shall serve its responses no later than **December 9, 2011.**


Dated: Central Islip, New York           SO ORDERED:
       December 1, 2011

                                               /s/ Gary R. Brown
                                               GARY R. BROWN
                                               United States Magistrate Judge

---

[1] In light of this ruling, the Court need not address defendant's apparent failure to provide a privilege log.